IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRYL WARNICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 17-471 (MN) |
| | ) |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) |
| | ) |
| Respondents.[1] | ) |

## MEMORANDUM OPINION[2]

Darryl Warnick. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

September 23, 2020
Wilmington, Delaware

---

[1] Warden Robert May has replaced former Warden Dana Metzger, and original party to this case. *See* Fed. R. Civ. P. 25(d).

[2] This case was re-assigned from the Honorable Gregory M. Sleet's docket to the undersigned's docket on September 20, 2018.

*Maryellen Noreika*
**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Darryl Warnick ("Petitioner"). (D.I. 1). The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 13; D.I. 18). For the reasons discussed, the Court will deny the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In May 2012, Petitioner was indicted on eighty-six offenses: two counts of child abuse; forty counts of second degree rape; two counts of continuous sexual abuse of a child; forty counts of second degree unlawful sexual contact; and two counts of endangering the welfare of a child. *See Warnick v. State*, 158 A.3d 884 (Table), 2017 WL 1056130, at *1 (Del. Mar. 20, 2017). The charges stemmed from Petitioner's long term and repeated vaginal and anal rapes of his adopted foster daughter who was between the ages of eight and eleven when the abuse took place, and the repeated vaginal and anal rape of a foster child in his care who was between the ages of seven and eight when the abuse occurred. (D.I. 13 at 4). On May 24, 2012, Petitioner pled guilty in the Delaware Superior Court to two counts of second degree rape, in exchange for which the State *nolle prossed* the remaining charges. *Id*. The Superior Court immediately sentenced Petitioner to an aggregate of thirty years, suspended after twenty-three years for lesser levels of supervision. (D.I. 13 at 2). Petitioner did not appeal his convictions or sentences.

On October 10, 2012, Petitioner filed a *pro se* motion post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 16-5 at 3). The Superior Court prothonotary returned the Rule 61 motion as non-conforming because Petitioner did not use the correct form or sign the motion. (D.I. 13 at 2; D.I. 16-5 at 3). Petitioner filed a compliant Rule 61 motion on February 11, 2013, which was referred to a Superior Court Commissioner on

1

February 20, 2013.  (D.I. 13 at 2; D.I. 16-5 at 3).  On October 25, 2013, the Superior Court Commissioner issued a Report recommending the denial of the Rule 61 motion.  (D.I. 13 at 2; D.I. 16-3 at 31-38).  The Superior Court adopted the Commissioner's Report and Recommendation on October 16, 2015 and denied the Rule 61 motion.  *See State v. Warnick*, 2015 WL 6324576, at *1 (Del. Super. Ct. Oct. 16, 2015).  On November 6, 2015, Petitioner requested reargument, which the Superior Court denied on December 17, 2015.  (D.I. 13 at 3).  Petitioner appealed, but voluntarily dismissed his post-conviction appeal on May 10, 2016.  (*Id*.).

On November 29, 2016, Petitioner filed a motion to correct his sentence pursuant to Delaware Superior Court Rule 35(a).  (D.I. 16-5 at 8).  The Superior Court denied the Rule 35(a) motion on December 9, 2016, and the Delaware Supreme Court affirmed that decision on March 20, 2017.  (D.I. 16-4).  *See, also, Warnick*, 2017 WL 1056130.  On March 31, 2017, the Delaware Supreme Court denied Petitioner a rehearing *en banc*.  (D.I. 13 at 3).

Petitioner filed the instant habeas Petition in April 2017, asserting the following three grounds for relief: (1) a Rule 35(a) motion for correction of sentence can be filed anytime; (2) his sentence was imposed in violation of the double jeopardy clause because Counts Three and Four of the indictment constituted a single occurrence; and (3) the State had insufficient evidence to indict him for the second degree rape charges that formed the basis of his guilty plea.  (D.I. 1-1).

**II.     ONE YEAR STATUTE OF LIMITATIONS**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism."  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Here, Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The Delaware Superior Court sentenced Petitioner on May 24, 2012, and he did not appeal that judgment. Therefore, Petitioner's conviction became final on June 25, 2012.[3] *See* Del. Supr.

---

[3] The thirty-day appeal period actually expired on June 23, 2012, which was a Saturday. Therefore, the appeal period extended through the end of the day on Monday, June 25, 2012. *See* Del. Sup. Ct. R. 11(a).

3

Ct. R. 6(a)(ii) (establishing a thirty day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until June 25, 2013 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until April 19, 2017,[4] four years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will address each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of the AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition

---

[4] Applying the prisoner mailbox rule, the Court adopts April 19, 2017 as the filing date, because that is the date on the Petition. (D.I. 1 at 15). *See, also, Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period began to run in this case on June 26, 2012. When Petitioner filed his motion to modify sentence on July 16, 2012, twenty days of the limitations period had already expired. The Superior Court denied the motion to modify sentence on August 14, 2012, and Petitioner did not appeal that decision. As a result, the motion to modify tolled the limitations period from July 16, 2012 through September 13, 2012, the date on which the thirty-day deadline to appeal expired. The limitations clock started to run again on September 14, 2012, and ran 150 days until Petitioner properly filed a Rule 61 motion on February 11, 2013.[5] The Superior Court denied the Rule 61 motion on October 16, 2015. Petitioner appealed, but voluntarily withdrew his appeal on May 10, 2016. In these circumstances, the Rule 61 motion tolled the limitations period from February 11, 2013 through May 10, 2016, the date on which Petitioner voluntary withdrew his post-conviction appeal. The limitations clock started to run on May 11, 2016 and ran the remaining 195 days of the AEDPA's limitations period without interruption until it expired on November 22, 2016.

Petitioner's Rule 35(a) motion to correct sentence filed on November 29, 2016 has no statutory tolling effect because it was filed after the expiration of the AEDPA's limitations period. Consequently, even with the appropriate statutory tolling, the Petition is time-barred, unless equitable tolling applies.

---

[5] Although Petitioner filed a Rule 61 motion on October 10, 2012, and attempted to re-file it again on January 23, 2013, the Superior Court prothonotary returned both Rule 61 motions to Petitioner for being non-conforming because they were not filed on the proper form or signed. Consequently, neither of these two Rule 61 motions statutorily tolled the limitations period because they were not "properly filed" for § 2244(d)(2) purposes.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance only warrants equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Here, Petitioner does not assert that extraordinary circumstances prevented him from timely filing the instant Petition. Rather, he contends that the AEDPA's one-year limitations period does not apply to claims of an illegal sentence. (D.I. 18 at 2). This mistaken understanding of the law does not provide a basis for equitable tolling. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004) (explaining that a petitioner's lack of legal knowledge or

miscalculation of the one-year filing period does not warrant equitably tolling the limitations period).

Petitioner also appears to allege he was unable to file a timely Petition because he was not provided with certain discovery until February 15, 2017. (D.I. 18 at 3-4 ). The discovery at issue was a statement that one of the victims provided to the "Children's Advocacy" in March 2012 asserting that Petitioner did not touch her inappropriately. (D.I. 1-2 at 44). Information about the victim's statement, however, was included in defense counsel's April 6, 2015 memorandum in support of his motion to withdraw from representing Petitioner in the Rule 61 proceeding, to which Petitioner responded in May 2015. (D.I. 1-2 at 44; D.I. 16-5 at 6). Petitioner also mentioned the victim's March 2012 statement in the Rule 35(a) motion he filed in November 2016. (D.I. 16-11 at 3-4). Because Petitioner knew about the victim's statement as early as April 2015, he cannot demonstrate how his alleged inability to obtain discovery until March 2017 prevented him from filing a timely habeas Petition.

Finally, to the extent Petitioner attempts to trigger equitable tolling by asserting his actual innocence, the attempt is unavailing. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of the AEDPA's one-year limitations period. The *McQuiggin* Court, however, cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [ ] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here,

7

Petitioner does not provide any new reliable factual evidence of his actual innocence as required by *Schlup*.

For these reasons, the Court concludes that equitable tolling is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the instant Petition as time-barred.

### III.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

### IV.   CONCLUSION

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.